IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30530
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DISCOVERY ALUMINAS, INC.,

Defendant,

JOHN/JANE DOE,

Movant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-151-ALL
--------------------
July 22, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John/Jane Doe appeals the denial of a motion to intervene in the criminal proceedings under 33 U.S.C. § 1319(c)(2) of the Federal Water Pollution Act, i.e., the Clean Water Act, against Discovery Aluminas, Inc. ("Discovery"). Doe sought to assert, under 33 U.S.C. § 411, a right to one-half of the fine levied against Discovery.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Doe has abandoned the contract claim raised in the district court.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Doe contends that the Government's prosecution of Discovery under 33 U.S.C. § 1319(c)(2) was essentially a prosecution under 33 U.S.C. § 407 and that 33 U.S.C. § 407 is a lesser-included offense of 33 U.S.C. § 1319(c)(2).  Doe asserts that he met the requirements of FED. R. CIV. P. 24(a)(2) for intervention.

Discovery was convicted of a violation of the Clean Water Act.  The Clean Water Act does not contain a provision that would entitle Doe to share in the fine that was assessed against Discovery.  A right to a portion of a fine assessed for a violation of 33 U.S.C. § 407 arises following a conviction obtained by the United States under that statute.  See 33 U.S.C. § 413.  The power to conduct litigation in which the United States is a party is discretionary and is generally not reviewable by the courts.  Dresser Indus. v. United States, 596 F.2d 1231, 1237 (5th Cir. 1979).

Doe has not shown that he had the right to intervene in this criminal proceeding, nor has he shown that a conviction under 33 U.S.C. § 1319(c)(2) is equivalent to a conviction under 33 U.S.C. § 407.  Accordingly, the judgment of the district court is AFFIRMED.